IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA RIANNA,

    Plaintiff,

vs.

L.A. VIÑAS, M.D., P.A.,
a Florida Professional Association,
FINPRIME ASSET MANAGEMENT, LLC,
A Delaware Limited Liability Company, and
NICHOLAS MONROY, an individual,
jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MARIA RIANNA, sues Defendants, L.A. VIÑAS, M.D., P.A., FINPRIME ASSET MANAGEMENT, LLC, and NICHOLAS MONROY, and shows:

### Introduction

1. This is an action by MARIA RIANNA against her former employers for unpaid minimum wages and unpaid commissions pursuant to the Fair Labor Standards Act, Florida Statutes Chapter 448 and Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, as well as Florida Statutes §§ 448.08 and 448.110, and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, MARIA RIANNA, (hereinafter "RIANNA") a resident of Palm Beach County, was at all times material, employed by L.A. VIÑAS, M.D., P.A., as a lead medical esthetician, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with L.A. VIÑAS, M.D., P.A., and was engaged in commerce or in the production of goods for commerce.

5. Defendant, L.A. VIÑAS, M.D., P.A. (hereinafter, "L.A. VIÑAS, M.D."), is a Florida Professional Association doing business in Palm Beach County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) and Fla. Stat. § 448.101, which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, the Florida Minimum Wage Act, Fla. Stat. § 448.110, and Florida common law, in the offices where RIANNA was employed.

6. Defendant, FINPRIME ASSET MANAGEMENT, LLC, (hereinafter, "FINPRIME"), is a Delaware Limited Liability Company doing business in Palm Beach County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) and Fla. Stat. § 448.101, which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, the Florida Minimum Wage Act, Fla. Stat. § 448.110, and Florida common law, in the offices where RIANNA was employed.

7. Defendant, FINPRIME is an asset management company that provides business consulting, financial optimization, and customized funding solutions to small and medium-sized businesses around the world. Upon information and belief, Defendant L.A. VIÑAS, M.D. contracted with FINPRIME to provide it business optimization services.

8. During Plaintiff's employment with Defendant L.A. VIÑAS, M.D., Defendant FINPRIME assigned its Regional Director, NICHOLAS MONROY, to provide business consulting services to Defendant L.A. VIÑAS, M.D.

9. Defendant, NICHOLAS MONROY (hereinafter "MONROY"), who resides in the Southern District of Florida, along with FINPRIME, provided business consulting services to Defendant L.A. VIÑAS, M.D.

10. MONROY maintains a shared office at L.A. VIÑAS, M.D.'s offices, and was actively engaged in management, supervision, and oversight of L.A. VIÑAS, M.D.'s affairs. MONROY wielded decision-making power with regard to financial matters, labor costs, and employee payroll issues that affected RIANNA's terms of employment. Thus MONROY, through his employer, FINPRIME, acted directly in the interest of L.A. VIÑAS, M.D. in relation to RIANNA and assumed a level of operational control over L.A. VIÑAS, M.D. that makes him a proper employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

11. On or about September 15, 2014, Defendant L.A. VIÑAS, M.D. hired RIANNA to perform lead medical esthetician and marketing services for its plastic surgery and med spa. The parties agreed that RIANNA would receive $15.00 per hour during a 90-day probationary period, a 30% commission on services, 10% commission on retail sales, and $15.00 per hour for marketing and events.

12. RIANNA performed all services admirably until May 2015, when Defendants advised her that her pay structure was going to change and was thus reduced. As a result, RIANNA terminated her relationship with Defendants and ceased her employment.

13. During RIANA's last week of employment from May 11 2015 through May 18, 2015, she worked approximately 60 hours, yet was paid nothing. Accordingly, RIANNA is owed at least a minimum wage for these hours.

14.     During RIANNA's employment, she provided various esthetician services, and sold various retail products, for which she entitled to her 30% and 10% commissions, respectively. Notwithstanding the parties' compensation agreement, the Defendants failed to pay RIANNA approximately $3,000 in earned commissions.

### Count I – Minimum Wage Violation by all Defendants

15.     Plaintiff, MARIA RIANNA, realleges, as if fully set forth in Count I, the allegations in Paragraphs 1 through 13 above.

16.     RIANNA's last day of work was May 18, 2015. During her last week of work, RIANNA worked several hours, yet received no pay whatsoever.

17.     After having various communications with Defendants to recover her unpaid wages, it was made clear to RIANNA that they refused to pay her any additional compensation. Accordingly, on July 6, 2015, RIANNA sent Defendants a letter demanding her last pay check and providing the Defendants notice of her intent to sue if the pay check was not received within 15 days. (A copy of the letter and certified mail receipt is attached as Exhibit 1).

18.     To this day, the Defendants have failed to pay RIANNA her final pay check, leaving RIANNA no other choice but to file suit to collect her pay.

19.     Defendants' failure to pay RIANNA her final pay check violates 29 U.S.C. § 206(a)(1) by not paying her at least a minimum wage.

20.     RIANNA is entitled pursuant to the FLSA and the Florida Minimum Wage Act, and Section 18(a) of the Act, to recover from all Defendants:

    a.     the applicable minimum wage in effect at the times she worked without receiving compensation;

    b.     as liquidated damages, an amount equal to the unpaid minimum wage she is owed;

   c. the costs of this action; and,

   d. a reasonable attorney's fee.

 WHEREFORE, Plaintiff, MARIA RIANNA, prays that this Honorable Court will:

   a. enter judgment for RIANNA and against Defendants on the basis of its willful violations of the FLSA and the Florida Minimum Wage Act;

   b. award RIANNA actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

   c. award RIANNA an equal amount in liquidated damages;

   d. award RIANNA reasonable attorney's fees and costs of suit; and

   e. other such relief as this Court deems just.

**Count II – Breach of Contract against Defendant L.A. VIÑAS, M.D.  (Unpaid Commissions)**

 21. Plaintiff, MARIA RIANNA, realleges the allegations in paragraphs 1 through 12 and 14, as if fully set forth in Count II of Plaintiff's Complaint.

 22. Defendant hired RIANNA and agreed to pay her various commissions in exchange for RIANNA's services as lead esthetician. (See Exhibit 2, "Salary Compensation Plan")

 23. RIANNA duly performed her job and thus performed all conditions precedent to entitle her to be paid.

 24. Defendant's failure to pay Plaintiff her agreed upon commissions amounts to a breach of contract.

 25. As a result of Defendant's breach, Plaintiff has incurred general damages and is entitled to recover the unpaid commissions, as well as prejudgment interest to partially compensate her for the loss of use of the funds that were due.

WHEREFORE, Plaintiff requests judgment against Defendant L.A. VIÑAS, M.D. for her unpaid commissions and other damages, together with costs of suit and reasonable attorney fees pursuant to Florida Statutes §448.08, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: August 3, 2015
Plantation, Florida

    Respectfully submitted,

    s/Robert S. Norell, Esq.
    Robert S. Norell, Esq. (Fla. Bar No. 996777)
    E-Mail: rob@floridawagelaw.com
    ROBERT S. NORELL, P.A.
    300 N.W. 70th Avenue
    Suite 305
    Plantation, Florida 33317
    Telephone: (954) 617-6017
    Facsimile: (954) 617-6018
    Counsel for MARIA RIANNA