UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-81081-ROSENBERG/HOPKINS

MARIA RIANNA,

    Plaintiffs,

v.

L.A. VIÑAS, M.D., P.A.; FINPRIME ASSET
MANAGEMENT, LLC; and NICHOLAS MONROY,

    Defendants.
_____/

## ORDER DENYING SETTLEMENT APPROVAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon the parties' Joint Stipulation of Dismissal with Prejudice [DE 31], which asks the Court to approve the parties' settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).[1] The Court has carefully reviewed the Joint Stipulation, as well as the Settlement Agreement attached thereto, and is otherwise fully advised in the premises. For the reasons set forth below, the parties' request for settlement approval is **DENIED** without prejudice.

### I.   PROCEDURAL HISTORY

On August 4, 2015, Plaintiff filed this action for unpaid minimum wages, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* DE 1. Plaintiff contended that she was owed $2,916.80 in unpaid wages. *See* DE 1-1. Plaintiff also brought a claim for breach of her employment contract, under which she alleged she was owed unpaid commissions. *See* DE 1 at ¶¶ 21-25.

On October 5, 2015, Defendants moved to dismiss the complaint for failure to state a claim.

---

[1] Although the parties have styled the filing as a stipulation of dismissal, the Court finds the stipulation was made contingent on this Court's approval of the settlement agreement, as this is required to compromise a Fair Labor Standards Act claim. *See e.g., Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, *1 (M.D. Fla. Apr. 28, 2010) (striking notice of voluntary dismissal and directing the parties to move for approval of the settlement).

1

*See* DE 22. Plaintiff responded and Defendants replied. *See* DE 23-24. On December 6, 2015, Plaintiff moved to compel certain discovery responses from Defendants, and a hearing was set before Magistrate Judge Hopkins to resolve the issue. *See* DE 25-27. Prior to the hearing, however, the parties informed the Court that they had reached a settlement. *See* DE 28.

The instant Joint Stipulation of Dismissal with Prejudice, which asks the Court to approve that settlement agreement, was filed on December 14, 2015. *See* DE 31. Under the agreement, Defendant L.A. Viñas, M.D., P.A. agrees to pay Plaintiff and Plaintiff's counsel $9,050. *See* DE 31- at 1 ¶ II. The parties' Joint Stipulation explains that $2,982.70 represents "a full recovery of all wages that [Plaintiff] is owed," and $6,067.30 represents attorney's fees, although $450 of this "will be refunded to the Plaintiff for a cost deposit that she advanced." DE 31 at ¶¶ 2-3. Additionally, Plaintiff "agrees not to disclose or discuss the facts of this lawsuit, the terms of the settlement of this action, the circumstances surrounding either this action or the settlement thereof, the terms of this Agreement or other circumstances related thereto, the operations of L.A. VIÑAS, M.D., P.A., or anything else regarding L.A. VIÑAS, M.D., P.A . . . ." DE 31-1 at 6-7 ¶ VIII.

II.   **LEGAL STANDARD**

Because FLSA rights cannot be abridged by contract or otherwise waived, claims arising under the FLSA may be settled only with the approval of the Court or the Secretary of Labor. *See Lynn's Food*, 679 F.2d at 1352-53. In a suit brought by employees under the FLSA, the Court must determine whether a settlement proposed by the employer and employees "is a fair and reasonable resolution." *Id.* at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see*

*also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III.    ANALYSIS

On the present record, the Court cannot find that the parties' settlement agreement is fair and reasonable. First, the Court questions the amount of Plaintiff's counsel's fees and costs. It is unclear whether the amount of fees and costs was calculated as a percentage of the total settlement amount, or as the product of counsel's hourly rate and time spent working on this case. If it was the former, the Court notes that $6,067.30 represents 67% of the total settlement amount. If it was the latter, the Court notes that Plaintiff's counsel has submitted no affidavit or other evidence supporting the reasonableness of the amount of fees and costs. Although the Court recognizes that this case involved some motion practice and discovery, without further information the Court cannot determine whether the fees requested are reasonable compensation.[2]

Second, the settlement agreement includes a broad confidentiality provision. *See* DE 31-1 at 6-7 ¶ VIII. Confidentiality provisions are, at best, strongly disfavored in the settlement of FLSA claims. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.").

---

[2] Although the parties "stipulate that the amount allocated for attorney's fees and costs is reasonable based on the amount of time and expense actually incurred by Plaintiff's counsel in prosecuting and ultimately resolving Plaintiff's claims," DE 31 at ¶ 3, the Court may not simply rely on this stipulation in the absence of information on how the fees were calculated. *See, e.g., Silva v. Ole' Ole', LLC*, No. 6:06-cv-439-Orl-28JGG, 2006 WL 3391277, *3 (M.D. Fla. Nov. 22, 2006) ("Although the parties stipulate that the settlement is fair and reasonable, the Court disagrees.").

Although some courts have approved settlement agreements with a confidentiality clause upon a showing of a "compelling reason," *see Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, *4 (S.D. Ala. Feb. 14, 2013), the parties have asserted no such reason in the present case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Stipulation of Dismissal with Prejudice [DE 31], which the Court construes as a motion for approval of the parties' settlement agreement, is **DENIED** without prejudice.

2. On or before **Thursday, January 28, 2016**, the parties may file a renewed request for settlement approval. Any renewed motion must demonstrate the reasonableness of the settlement, including as to the amount of Plaintiff's counsel's fees and costs and the confidentiality clause.

3. Failure to timely file a renewed joint motion and proposed settlement by January 28, 2016 may result in the entry of a final order of dismissal without prejudice without further notice.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 14th day of January, 2016.

_/s/ Robin L. Rosenberg_
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record